## In re Estate of Caroline Luebbe, deceased. Appeal of German Protestant Orphans' Home.

*Will—Charitable bequest—Act of April 26, 1855, Sec. 11.*

A promissory note under seal made by testatrix to a charitable corporation within thirty days prior to her death, with a direction in her will contemporaneously made that the note shall first be paid out of her estate, is in violation of the act of April 26, 1855, sec. 11, P. L. 332, and void. McGlade's Appeal, 99 Pa. 338, has been practically overruled.

Argued Nov. 3, 1896. Appeal, No. 125, Oct. T., 1896, by the German Protestant Orphans' Home from decree of O. C. Allegheny Co., Nov. T., 1895, No. 37, on exceptions to distribution. Before STERRETT, C. J., WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Exceptions to distribution.

OVER, J., filed the following opinion:

The German Protestant Orphans' Home Society of Allegheny county has presented a claim against this estate on a promissory note of which the following is a copy:

"$1,000.          PITTSBURG, October 10, 1893.

"Three months after date I promise to pay to the German Protestant Orphans' Home society of West Liberty Borough, Allegheny Co., Pa., One Thousand dollars. For value received without defalcation.

"CAROLINE LUEBBE, (Seal)."

It appears from the testimony of J. W. Kinnear, Esq., who was called to prepare Mrs. Luebbe's will, that she desired to make a bequest of $1,000 to the Home; that, as he understood, her death was imminent, he informed her such a bequest would be void, but that he would prepare a note for that amount, which he did. She executed it under seal, and, by her directions, he delivered it prior to her death, on the same day, to Dr. Ruoff, the president of the Home, (who was also appointed executor of the will.) She executed her will contemporane-

ously with the note, and in it made the following reference to the note :

" I hereby declare that my estate is first subject to the payment of a note for one thousand dollars given by me to the German Protestant Orphans' Home of West Liberty borough, Allegheny county, Penna." It is objected to the claim that the note is void, being within the prohibition of the 11th section of the Wills Act of April 26, 1855.

Had the note been executed without a seal, it would have been merely a promise to make a gift in the future ; and being without consideration, the payee could not have recovered from the maker, had she survived its maturity, nor from her estate after her death : Kern's Estate, 171 Pa. 55. But the seal imports a consideration, and the note, both in law and equity, constituted a valid gift of the money : (Hummel's Estate, 161 Pa. 215 ; Ross's Appeal, 127 Pa. 4), unless it is within the prohibition of the 11th section of the act of 1855. It provides that " no estate, real or personal, shall hereafter be bequeathed devised, or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will . . . . at least one calendar month before the decease of the testator or alienor." " Provided, that any disposition of property within said period bona fide made for a fair valuable consideration, shall not be hereby avoided." If a strict construction be given to this act, it would appear to prohibit the gift of personalty for charitable uses by will only, and would not apply to gifts of personalty inter vivos. Such a construction seems to have been given it in McGlade's Appeal, 99 Pa. 338. There, for the avowed purpose of evading the act, the donor executed a power of attorney for the transfer of $2,400, of the Philadelphia city loan, delivered it and the certificates to M. with instructions to convert the certificates into money, and to give the proceeds to W. for distribution among the charities mentioned in her will. They were sold, and the money given to W. in the donor's lifetime, and it was held that the gift was not within the prohibition of the act. But in that case there remained nothing for the donor to do to consummate the gift. Here the gift was the donor's promise to pay, which would not be consummated until the money was paid; and, whilst the promise was binding on the donor, it would be void

as to her legal representatives, after her death, if within the prohibition of the statute.

In Reimensnyder's Administrator v. Gans, 110 Pa. 17, a more liberal construction was given the act. There the decedent made within one calendar month of his death a written subscription for the erection of a church, and it was held that it was within the prohibition of the act.. Whilst Mr. Justice GORDON, who delivered the opinion of the court, intimated that the subscription was an unexecuted gift revoked by the death of the donor, yet he says, " This is, however, merely obiter, for the act of 1855 renders invalid any and every conveyance or devise of property, real or personal, made to any charity or body politic within one calendar month of the decease of the alienor, or testator, unless the same be made for a fair valuable consideration." The word conveyance here is construed to apply to personal as well as real estate, and if it does, as there was no valuable consideration for this note, it is within the prohibition of the statute. It is true, the gift of the sealed note was an executed gift, valid as between the donor and donee ; but a deed executed and delivered within thirty days of the donor's death, would be also, and it is conceded it would be within the express prohibition of the act; so, also, is this note if the word "conveyed" refers to personal as well as real estate. The claim is, therefore, not allowed.

*Error assigned* was decree of the court.

*S. W. Cunningham*, with him *J. W. Kinnear*, for appellant.— The decision of the court below is directly contrary to the ruling of this court in McGlade's Appeal, 99 Pa. 338.

The only case referred to by the court below as in any way weakening the doctrine of McGlade's Appeal, is Reimensnyder v. Gans, 110 Pa. 17. Here there was a subscription to a church within a month of the subscriber's death, and the court found and held that there was absolutely no consideration of any sort to support the promise, and that death revoked it. And yet it is true that, instead of resting the case solely upon this very ample ground, the learned justice went further, and spoke of the subscription as within the scope of the act of 1855. In the case at bar the gift seems to have been the donor's own idea.

And her instructions to deliver the paper evince an intent to make a present executed gift. In this respect, our case differs from the Appeal of Waynesburg College, 111 Pa. 130.

A gift inter vivos of the donor's promissory note under seal or bond is, both at law and in equity, a gift of the money : Sherk v. Endress, 3 W. & S. 255 ; Yard v. Patton, 13 Pa. 278 ; Candor's Appeal, 27 Pa. 119 ; 2 Williams on Executors, (6th Am. ed.) 1082, (1016) ; 8 Am. & Eng. Ency. of Law, 1321 ; Thornton on Gifts, 242. Mack's App., 68 Pa. 231 ; Taylor v. Glaser, 2 S. & R. 502 ; Burkholder v. Plank, 69 Pa. 225 ; Ross's App., 127 Pa. 4. In Kern's Estate, 171 Pa. 55, an effort was made to obliterate the distinction, and to sustain a gift of a promissory note unsealed. But this court, while admitting the full force of the decisions as to sealed instruments, declined to apply the principle to an unsealed note.

*J. S.* and *E. G. Ferguson*, for appellee, were not heard, but in their printed brief said ; McGlade's Appeal, 99 Pa. 338, differs radically from the case at bar. In McGlade's Appeal, Mrs. Daly, during her lifetime, by her attorney in fact, converted her funds in the Philadelphia city loan into cash, to Archbishop Wood. If Caroline Luebbe had handed the appellant on the day of her death $1,000 in cash, or some specific article of personal property, even though she gave it for religious or charitable uses, McGlade's Appeal would be authority to sustain such a gift ; but it goes no further.

Per Curiam, January 4, 1897 :

The facts of this case, as well as the questions of law arising thereon are sufficiently presented in the statement and opinion of the learned auditing judge, and need not be repeated here. We have no doubt as to the correctness of his conclusion, that the alleged gift is invalid because it is within the prohibition of the act of April 26, 1855, section 11, P. L. 332, which declares : " No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will . . . . at least one calendar month before the decease of the testator or alienor ; and all dispositions of property contrary thereto, shall be void. . . . . : Provided, that any.

disposition of property within said period, bona fide made for a fair valuable consideration, shall not be hereby avoided."

It is unnecessary to inquire to what extent—if at all—the ruling of the court below may be in conflict with McGlade's Appeal, 99 Pa. 338. That case has been practically overruled by subsequent decisions construing the act of 1855.

Decree affirmed and appeal dismissed at appellant's costs.