## Snayberger's Estate (No. 1).

*Decedents' estates—Promissory notes held by children—Consideration—Widow—Declarations of decedent—Evidence.*

Promissory notes not under seal given by a decedent to his children by a former wife payable six months after death, and dated three years before his marriage to the wife who survived him, cannot be paid out of the assets of the estate to the detriment of the widow, where it appears that the notes were without consideration passing from the children.

In such a case declarations of the decedent unsupported by other proof, to the effect that he executed the notes to the children because their mother gave him a portion of the money without stating the amount, and helped him to earn the rest, are insufficient to support a consideration for the notes.

Argued Dec. 9, 1915. Appeals, Nos. 304, 305, 306, 307, 308, 309, 310, 311 and 312, Oct. T., 1915, by Sallie Kistler, et al., from decree of O. C. Schuylkill Co., Jan. T., 1915, No. 23, dismissing exceptions to adjudication in Estate of F. S. Snayberger, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that F. S. Snayberger died Oct. 30, 1913, leaving a will dated Aug. 26, 1897. When the will was made decedent was married to a second wife by whom he had nine children. On February 24, 1893, he gave to each of the nine children a promissory note, in the following form:

Molino, Pa., Feb. 24, 1893.

$600.00

Six months after my death I promise to pay to Sallie Snayberger, or order, the sum of six hundred dollars (without interest from date) without defalcation, value received.                              F. S. SNAYBERGER.

On April 19, 1894, he married his third wife, Ella A. Snayberger, who survived him. The notes were presented as claims against the estate. The evidence relating to them is set forth in the opinion of the Superior Court.

The court below in an opinion by WILHELM, P. J., disallowed the notes.

Exceptions to the adjudication were dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*John F. Whalen,* with him *George Ellis,* for appellants.—The notes presented should have been allowed by the auditing judge: Grabill v. Moyer, 45 Pa. 530; Mellinger v. Bausman, 45 Pa. 522; Bergey's App., 60 Pa. 408; Hamill's Est., 88 Pa. 363; Bardsley's Est., 13 Philadelphia 222; Wormley's Est., 137 Pa. 101; Young's Est., 65 Pa. 101; Hawley v. Griffith, 187 Pa. 306; Kreider v. Hartzell, 40 Pa. Superior Ct. 186.

*C. E. Berger,* for appellee.—A gift or bequest after death is of the very essence of a will and determines a writing, whatever its form, to be testamentary: Patterson v. English, 71 Pa. 454; Frew v. Clark, 80 Pa. 170;

Rife's App., 110 Pa. 232; Fouche's Est., 147 Pa. 395; Turner v. Scott, 51 Pa. 126; Beaumont's Est., 214 Pa. 445; Hummel's Est., 161 Pa. 215; Kern's Est., 171 Pa. 55; Frederick's App., 52 Pa. 338; Young's Est., 202 Pa. 431; Lonsdale's Est., 29 Pa. 407; Dickerson's App., 115 Pa. 198; Divilbiss's Est., 13 D. R. 503; Roberts v. Brunner, 23 D. R. 717.

OPINION BY HENDERSON, J., March 1, 1916:

This case arose on the distribution of the estate of F. S. Snayberger. The appellant is one of nine children to each of whom the decedent gave a promise in writing for $600.00 payable six months after the maker's death. The instruments were not under seal. They were all given on February 24, 1893, at which time the decedent was a widower. He married the appellee on the 19th of April, 1894, and died October 30, 1913. The writings thus given were presented for allowance as debts of the decedent. An objection was made thereto by the widow on the ground that they were not under seal, were not supported by a valuable consideration and were voluntary promises merely. The auditing judge of the Orphans' Court refused to recognize them as claims against the estate and thereupon an appeal was taken by the holder of each instrument and the cases were argued together. As the paper relied on is not under seal it is not enforceable against the promisor or his estate unless supported by a valuable consideration; nor has it the quality of a gift of money inter vivos. It was an unexecuted promise revoked by the death of the maker. The appellant recognizing this prima facie infirmity of the claim offered evidence to show a sufficient consideration to give obligatory effect to the promise. This evidence consisted of statements made by the father at the time he gave the promises to his children and declarations made subsequently to witnesses as to the circumstances inducing him to give them. Charles Snayberger, one of the sons, testified that his father said when the papers

were delivered to the children, "that he gave us these notes for what our mother brought to him and helped to save." Lizzie Moyer, a daughter, said that her father said "this was a note, the money which my mother gave to him and helped to earn it up to the time she died." Mrs. Bear recited a conversation which she had with the decedent in which he said with reference to the notes that his "second wife helped to earn it and the children ought to have what his second wife brought to him and what she helped to earn." Elmira Moyer, a niece, had a conversation with the decedent in which he referred to the notes given his children and said that he made a note in which he gave each of his children $600.00; that he made these before he was married and some of it was their mother's money and the rest, what they saved and accumulated up to the time of her death. There was some other testimony to the same effect. There was no attempt however, to show otherwise than by the declarations of the decedent that his deceased wife had any estate nor to show by his declaration or otherwise of what that consisted or the amount of it. If, therefore, in a contest between the children and the widow of the decedent reliance is placed on the possession by the decedent of an estate belonging to his former wife it is of prime importance that the amount of such estate be shown in order that it may be ascertained what proportion it bears to the aggregate amount which he promised to pay to his children. If the notes could be sustained on the evidence introduced because the husband received such property from his wife which he retained up to the time of his death the amount of such consideration would be necessary evidence to enable the holder of such a promise to enforce it at all. Conceding that it might give validity pro tanto to the promise a judgment could not be entered without such information as to the amount of the consideration. That part of the decedent's statements relating to what he and his wife had saved during their married life does not tend to establish a valuable

consideration for the notes. The legislation enlarging the capacity of married women to hold and acquire property does not change the common law right of the husband to the services of his wife rendered by her in the conduct of their domestic affairs or of his business. In the absence of an agreement to the contrary her earnings belonged to her husband. It is only when she engages at labor or in business in her own right and not as a wife that the statute declares the accumulations or earnings from that labor or business shall be her property and not her husband's. For such services as she performs in the relation of wife in the promotion of her husband's business she has no right of action against him: Standen v. Penna. R. R. Co., 214 Pa. 189. It is not asserted that the second wife was engaged in any independent business or that she did more than is ordinarily done by a wife for a husband in their domestic relations. Any part of the assumed consideration arising from this source was the decedent's property and gave no more support to the note than if it were a fund derived from some other source. The declarations of the decedent are not supported by a single circumstance tending to show in what manner or to what extent the decedent received money or property from the claimants' mother or in what manner or amount she contributed to her husband's earnings, even if the latter could be taken into account. The case lacks, therefore, the necessary evidence to establish such a consideration as will give vitality to the claim presented. The opinion filed by Mr. Justice STEWART when presiding in the 39th district in the case of Divilbiss' Est., 13 Dist. Rep. 503, involved a similar question and was decided in harmony with the view adopted by the court below. We regard the evidence as insufficient to establish a valuable consideration for the promise on which the claimant relies.

The decree of the court below is therefore affirmed.