## Tissue's Estate.

*Promissory notes—No consideration—Notes to children—Decedent's estate.*

Promissory notes not under seal, and without consideration, other than love and affection, given by a father to his children, cannot be collected from the father's estate after his death.

Argued May 1, 1916. Appeals, by Ada Lowry, et al., from decree of O. C. Somerset Co., at No. 128, 1912, overruling exceptions to auditor's report in Estate of A. N. Tissue. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of F. A. Holbert, Esq., auditor. The opinion of the Superior Court states the case.

*Errors assigned* were in overruling exceptions to auditor's report.

*J. A. Berkey,* with him *C. L. Shaver.*—The notes were voluntary and, therefore, the matter of a consideration is wholly immaterial: Person's App., 68 Pa. 231; Ross' App., 127 Pa. 4; Candor's App., 27 Pa. 119; Hummel's Est., 161 Pa. 215.

*W. Curtis Truxal* and *Francis J. Kooser,* for appellee. —The delivery of a promissory note or check is not an executed gift of the money and is revocable at the death of the maker before actual payment: Kern's Est., 171 Pa. 55; Luebbe's Est., 179 Pa. 447; Commey v. Macfarland, 97 Pa. 361; Campbell's Est., 7 Pa. 100; Kennedy v. Ware, 1 Pa. 445; Crawford's App., 61 Pa. 52; Carhart's App., 78 Pa. 100.

OPINION BY HENDERSON, J., July 18, 1916:

This appeal is taken from the action of the auditor

and the Orphans' Court in refusing to allow the claims of H. B. Tissue, Ada Lowry, Nina Kennedy, and Effie Anspach, children of the decedent, evidenced by an obligation in the form of a promissory note, held by each of them, which were executed by their father a short time before his death.   The notes were not under seal and it is admitted that there was no consideration therefor except natural love and affection.   The widow of the decedent objected to the payment of them to the prejudice of her interest in her husband's estate.

The claims were disallowed on the ground that the notes were promises to pay without consideration, and not collectible from the maker or against his estate. Natural love and affection is a good consideration for an executed contract or gift, but is not sufficient to support a promise to make a gift.   Authorities are abundant to the effect that the delivery of a promissory note or check is not an executed gift of the money represented by it. Such a note is a promise to make a gift in the future, and having no consideration to support it, is not enforceable against the promisor nor against his estate.

If the claims had been evidenced by sealed instruments, the situation would have been different, for the seals would have implied a sufficient consideration.   The doctrine applicable to such cases is well stated in Kern's Est., 171 Pa. 55; and of like import is Luebbes's Est., 179 Pa. 447.

The same question was decided in this court in an opinion filed in Snayberger's Est., 62 Pa. Superior Ct. 390; in which promises of a similar character were presented against the estate for payment.

The rule is well established that a voluntary promise in writing, not under seal and without consideration, cannot be enforced against the maker or his estate; and the conclusion of the trial judge was in harmony with the law on that subject.

The appeal is dismissed at the cost of the appellant.