## Ruetschlin's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the following extract from the adjudication of

STEARNE, J., Auditing Judge.—A claim was presented against the estate on behalf of one Sadie Young, based on a promissory note given by the decedent to the claimant. A copy of the note is as follows:

"$500.00                                Philadelphia, Jan. 20, 1928
One year after date Death I promise to pay to the order of Sadie Young
Five Hundred Dollars at Mrs. Straubs Latham Park Without defalcation, for value received.          (Signed)          E. RUETSCHLIN."

I must assume responsibility for the state of the present record. When the note was offered in evidence I examined it, but read it as payable "one year after *date*." Later my attention was drawn to the fact that it reads "one year after *death*." I considered whether or not, under such circumstances, the note was (*a*) negotiable, and (*b*) testamentary. The quest02 of negotiability need not be considered as the instrument never left the possession of the payee and is now presented by her. I also rule that such a note is not testamentary, and therefore is not invalidated by the execution and probate of a will dated thereafter. See Eisenlohr's Estate (No. 2), 258 Pa. 438, and Brown's Estate, 4 Dist. R. 587.

Counsel for the claimant offered the note in evidence and rested. The payee was thereafter called as under cross-examination (and was therefore made a competent witness) to test what consideration, if any, was given for the note, and whether such consideration failed. Claimant testified that decedent owed her no money when the note was given, but that she was given the note in payment for services rendered. When examined as to what services were rendered, the claimant said:

"A. Well, she would come to our house two and three and four nights a week for dinner and I would take her home. I would sometimes stay with her until someone came home. She was afraid to be alone. Q. But you were very friendly? A. Very. Q. You had been friends for years? A. Yes."

From the evidence, the demeanor of the witness upon the stand, and the surrounding circumstances, I find that the note was not given for cash or in consideration of any services rendered by the claimant to the decedent but, on the contrary, I find that the true situation was the decedent's desire to have gratuitously paid over to the claimant $500 1 year after decedent's death. In other words, it was the decedent's method of posthumously giving to Mrs. Young $500 instead of providing for same in her will. Unfortunately for the claimant, I must under the circumstances, dismiss the claim.

A somewhat similar situation arises in Snayberger's Estate (No. 1), 62 Pa. Superior Ct. 390, where promissory notes, not under seal, were given by the decedent to his children by a former wife, payable 6 months after his death, and dated 3 years before his marriage to the wife who survived him. The claims of the children based on the notes were dismissed when it appeared that the notes were without consideration passing from the children. Likewise in Tissue's Estate, 64 Pa. Superior Ct. 141, it was held that promissory notes, not under seal and without consideration other than natural love and affection, given by a father to his children, could not be collected from the father's estate after his death. The court there said:

"Authorities are abundant to the effect that the delivery of a promissory note or check is not an executed gift of the money represented by it. Such a note is a promise to make a gift in the future, and having no consideration to support it, is not enforceable against the promissor nor against his estate."

*Mayer E. Herman*, for exceptant.

*Bronte Greenwood* and *John Stockburger*, contra.

LAMORELLE, P. J., June 30, 1933.—The exceptions are to the ruling of the auditing judge in disallowing a claim on a $500 promissory note, not under seal, due 1 year after death.

In Furbush's Estate, 220 Pa. 166, 167, 168, Mr. Justice Fell, speaking for the court, says:

"The credibility of witnesses, the weight to be given to their testimony because of their character, intelligence and knowledge of the subject can be much better determined by the judge who hears them than by us, and we should be in danger of falling into grave error in substituting our judgment for his: Steinmeyer v. Siebert, 190 Pa. 471."

In the instant case, our examination of the record and consideration of the oral and written arguments do not convince us that the auditing judge erred in his ruling, and for that reason all exceptions are dismissed and the adjudication is confirmed absolutely.